UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| NYLYNN MILES, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GREYSTAR MANAGEMENT SERVICES, LP and DOES 1 through 50, inclusive<br><br>Defendants. | Case No. 2:25-cv-00262-APG-EJY<br><br>**ORDER** |

Pending before the Court is Defendant's Motion to Stay Discovery Pending Ruling on Defendant's Motions to (1) Compel Arbitration, (2) Dismiss Claims, and (3) Strike Class Allegations. ECF No. 26. The Court considered the Motions, Oppositions, and Replies.

**I.    Relevant Background**

Plaintiff's Second Amended Individual and Class Action Complaint ("SAC") asserts state and federal class/collective claims arising from alleged failures to comply with laws addressing overtime pay and payment of wages at termination of employment. ECF No. 37 at 1. The SAC also avers individual claims of sexual harassment/discrimination, retaliation, negligent hiring, wrongful termination, hostile work environment,[1] and intentional infliction of emotional distress. Other than the retaliation claim which is asserted under state and federal law, all other individual claims are asserted under state law; provided, however, that Plaintiff does not identify under what statute or law her hostile work environment claim arises. *Id*. at 23-24.

In response to the SAC, Defendant filed a single motion seeking three different forms of relief. ECF No. 41.[2] Defendant contends two of its motions—the Motions to Dismiss and to Compel Arbitration—are dispositive and no discovery is required to resolve the issues they present. Defendant seeks to dismiss some of Plaintiff's non-arbitral claims based on "pleading deficiencies"

---

[1]    Plaintiff's Fourth Cause of Action, titled Sex Harassment Discrimination, and Eighth Cause of Action, titled Hostile Work Environment, are hereinafter referred to as Plaintiff's "sexual harassment" claims.
[2]    This filing violates U.S. District Court for the District of Nevada Local Rule LR IC 2-2(b).

1

(ECF No. 26 at 4:13, 20-21), and seeks to compel arbitration of "Plaintiff's Wage and Hour Claims." ECF No. 39 at 5:15.

Plaintiff opposes the stay of discovery relying heavily on the Ending Forced Arbitration of Sexual Assault Act ("EFAA"), codified at 9 U.S.C. § 42 *et seq*. Plaintiff contends that case law interpreting the EFAA requires the Court to exempt her entire case from arbitration. ECF No. 36. Plaintiff further contests the validity of the arbitration agreement, and argues discovery is required to determine whether the agreement to arbitrate is unconscionable and unenforceable. Finally, Plaintiff asserts there are questions of fact raised by her SAC that will defeat Defendant's Motion to Dismiss.

In reply, Defendant submits Plaintiff does not dispute that the Motions to Dismiss and to Compel Arbitration are dispositive, a stay of discovery is proper even when there is a question of unconscionability applicable to an arbitration agreement, and the Motion to Dismiss will be successful. ECF No. 39. Defendant further contends that even if Plaintiff's sex discrimination, harassment, and retaliation claims survive, the EFAA does not prevent compelling arbitration of Plaintiff's wage-hour claims that may only be brought on an individual basis. *Id*.

**II.   Discussion**

   A.   The Stay of Discovery Standard.

When considering a motion to stay discovery, this Court adopts the standard requiring (1) the underlying motions at issue to be potentially dispositive, (2) "the potentially dispositive motion must be resolvable without the need for additional discovery," and (3) a "preliminary peek at the merits of the potentially dispositive motion … must … convince[] [the Court] that the plaintiff will be unable to state a claim for relief." *Flynn v. Nevada*, 345 F.R.D. 338, 345 (D. Nev. 2024) (internal citations and quote marks omitted). Here, there is no dispute that, if successful, Defendant's Motion to Dismiss, together with the Motions to Compel Arbitration and to Strike Class Allegations, would be dispositive of this case to the extent that no issue would remain before the Court to be decided. Further, a review of the Motion to Dismiss, which is brought under Federal Rule of Civil Procedure 12(b)(6), demonstrates its arguments arise as a matter of law and, therefore, can be decided without discovery. Whether the agreement to arbitrate is enforceable is also generally considered an issue

of law and not subject to discovery. *Giles v. GE Money Bank*, Case No. 2:11-cv-434-JCM (CWH), 2011 WL 4501099, at *2 (D. Nev. Sept. 27, 2011) ("Whether the arbitration agreement is enforceable … is a straightforward matter of contract law. *See AT & T Tech., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649 (1986). The court can glean from the face of the document whether it is unconscionable. *See Oblix, Inc. v. Winiecki*, 374 F.3d 488, 491 (7th Cir. 2004).").

The first question for the Court is whether the EFAA exempts this entire case from arbitration. The second question to be considered is whether Defendant's Motion to Dismiss is potentially dispositive of those claims that proceed before this Court. Of course, if, as Plaintiff argues, the EFAA exempts this case in its entirety from arbitration, then the issue of unconscionability as applied to the arbitration agreement goes away and the Court is left only with whether it is convinced that Plaintiff will be unable to state a claim.

B. Case Law Regarding Whether the EFAA Exempts this Entire Case from Arbitration.

The Federal Arbitration Act (the "FAA") states that agreements to arbitrate "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract or as otherwise provided in [the EFAA]." 9 U.S.C. § 2. Historically, courts have broadly applied the FAA's mandate to enforce arbitration agreements explaining that "'[a]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration.'" *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 945 (1995), *quoting Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc*. 473 U.S. 614, 626 (1985). The EFAA states: "Notwithstanding any other provision of this title, at the election of the person alleging conduct constituting a sexual harassment dispute or sexual assault dispute, ... no predispute arbitration agreement or predispute joint-action waiver shall be valid or enforceable with respect to a case which is filed under Federal, Tribal, or State law and relates to the sexual assault dispute or the sexual harassment dispute." 9 U.S.C. § 402(a). A "sexual harassment dispute" is "a dispute relating to conduct that is alleged to constitute sexual harassment under applicable Federal, Tribal, or State law." *Id.* § 401(4). A "sexual assault dispute" is "a dispute involving a nonconsensual sexual act or sexual contact, as such terms are defined in section 2246 of title 18 or similar applicable Tribal or State law." 9 U.S.C. § 401(3).

3

In *Doe v. Second St. Corp.*, 326 Cal. Rptr. 3d 42, 57-58 (Cal. App. 5th 2024), heavily relied upon by Plaintiff, the court discussed in detail the EFAA and its impact on arbitrability. The California appellate court stated:

> [I]n *Johnson v. Everyrealm, Inc*. 657 F.Supp.3d 535 (S.D.N.Y. 2023) …, where some, but not all, of the plaintiff's claims alleged sexual harassment[,] … [t]he court … explain[ed] … that under the FAA generally, "if a dispute presents multiple claims, some arbitrable and some not, the former must be sent to arbitration even if this will lead to piecemeal litigation." *Id.* at 558. However, the FAA's liberal federal policy favoring arbitration agreements "may be overridden by a contrary congressional command. ... The question here is whether the EFAA, which applies '[n]otwithstanding any other provision of [the FAA's] title,' 9 U.S.C. § 402(a), does [so command] … such that the presence of a well-pled sexual harassment claim makes an arbitration clause unenforceable as to the other claims in the case.

*Id.* at 57-58 (cleaned up, some internal quote marks omitted). The court in *Doe* next considered "that the EFAA makes a predispute arbitration agreement invalid and unenforceable 'with respect to a case … filed under Federal, Tribal, or State law and relates to the ... sexual harassment dispute.'" *Id*. at 58 (internal citations omitted). The court went on to state the "word 'case' is familiar in the law. Dictionaries define a 'case' as 'a suit or action in law or equity. … '[C]ase' thus captures the legal proceeding as an undivided whole. It is does not differentiate among causes of action within it." *Id*. (some quote marks and citations omitted). The court then found, the terms "case or action refers to an overall legal proceeding filed in a court, whereas a claim or a cause of action refers to a specific assertable or asserted right within such a proceeding." *Id*. quoting *Johnson*, 657 F.Supp.3d at 558-559. After continuing with its analysis, the court in *Doe* concluded that Congress intended "to override—in the sexual harassment context—the FAA's background principle that, in cases involving both arbitrable and non-arbitrable claims, the former must be sent to arbitration even if this will lead to piecemeal litigation." *Id.* at 59. In sum, the court concluded "the EFAA facially applies to "*a case* which ... relates to the sexual assault dispute or the sexual harassment dispute." *Id*. at 60 (emphasis in original).

In *Gill v. US Data Management, LLC*, Case No. 2:24-cv-05255-MCS-MAR, 2024 WL 5402494, at *2 (C.D. Cal. Dec. 2, 2024), the U.S. District Court for the Central District of California found "[t]he EFAA broadly allows claimants to elect not to arbitrate any '*case* which ... relates to ... the sexual harassment dispute.'" (Emphasis in original, citation omitted.) However, other decisions

are more nuanced. In *Molchanoff v. SOLV Energy, LLC*, Case No. 23-cv-653-LL-DEB, 2024 WL 899384 (S.D. Cal. Mar. 1, 2024), the court explained that because the plaintiff's claim of retaliation under Title VII alleged conduct constituting sexual harassment as defined in 9 U.S.C. § 401(4), "and because the case as a whole relates to that dispute, the EFAA bars enforcement of the arbitration agreement between Plaintiff and … [Defendant] as to all claims in th[e] … case …." *Id.* at *5. Yet, in *Mera v. SA Hospitality Group, LLC*, 675 F.Supp.3d 442, 448 (S.D.N.Y. 2023), the court stated: "Since Plaintiff's wage and hour claims under the FLSA and … [New York law did] not relate in any way to the sexual harassment dispute," they had to "be arbitrated, as the Arbitration Agreement require[d]." (Internal citations and parenthesis removed.) Finally, in *Turner v. Tesla, Inc.*, 686 F.Supp.3d 917, 925-26 (N.D. Cal. 2023), the court expressly noted the distinction between cases in which sexual harassment claims and unrelated wage and hour claims lead to a finding of arbitrability of the wage-hour claim, and cases in which the "workplace injury and wage claims relate only to … [the plaintiff's] own experience and employment" such that the arbitration agreement is unenforceable as to all causes of action brought in a complaint.

Here, the Court notes that whether all of Plaintiff's claims are subject to the EFAA prohibition against mandatory arbitration of sexual assault/harassment claims is one the District of Nevada has not addressed. Overall, the undersigned finds the analyses stated in *Molchanoff*, *Mera*, and *Turner* persuasive and appropriately applied here. That is, upon completing a preliminary peek of Plaintiff's SAC, the Court finds Plaintiff's wage-hour claims are unrelated to her sexual harassment and retaliation claims rendering these claims subject to arbitration so long as the arbitration agreement is enforceable. Further, Plaintiff's arguments in favor of unenforceability do not convince the Court she will succeed. In sum, Plaintiff's sexual harassment and retaliation claims will likely proceed in federal court while Plaintiff's wage-hour claims will proceed in arbitration. For this reason, the Court answers the second question: Is the Court convinced that Defendant's Motion to Dismiss will succeed?

        C.    <u>The Court is Not Convinced the Motion to Dismiss will Succeed in its Entirety</u>.

Defendant's Motion to Dismiss Plaintiff's sexual harassment and retaliation claims relies heavily on *McDonald v. San Francisco Unified School District* for the proposition that "plaintiffs

5

must clarify whether they are alleging a claim of sex discrimination or sexual harassment." ECF No. 41 at 9. However, even assuming this argument has merit, and despite Defendant's failure to provide a Westlaw, Lexis, or published case law cite for this case (which the Court found at 2007 WL 3144832 (N.D. Cal. Oct. 24, 2007)), Defendant's argument overlooks that the plaintiff was granted leave to amend her complaint to fix this and other pleading failures. *Id.*, at **5, 7. Thus, this Court finds the *McDonald* decision does not support the conclusion that Plaintiff will be unable to state claims of sexual harassment or retaliation. Moreover, the Court is not convinced Plaintiff's pleading will be unable to state these claims. With respect to Plaintiff's other non-arbitral claims, including wrongful termination in violation of public policy, negligent hire/training, and intentional infliction of emotional distress, the Court finds each is likely to fail under well-settled Nevada law.

Thus, upon completing the preliminary peek, the Court is not convinced that all of Plaintiff's non-arbitrable claims will be dismissed. Therefore, the Court considers Defendant's requested stay of discovery.

### D. A Stay of Discovery is Granted in Part.

The above analysis of Defendant's Motion to Compel Arbitration and Motion to Dismiss leads to the conclusion that Plaintiff's individual wage-hour, sexual harassment, and retaliation claims are likely to survive whether in arbitration or before this Court. Thus, a stay of discovery as to these claims will not, no matter where the claims are litigated, lead to a more prompt resolution of the disputes. Discovery will proceed on these claims. However, to ensure efficiency and prevent duplication, initial discovery related to these claims is limited to interrogatories, document requests, and requests for admissions. No deposition or third party discovery is permitted. Further, interrogatories propounded with respect to these individual claims will not count toward the maximum 25 interrogatories allowed by Fed. R. Civ. P. 33 if and or when litigating class/collection claims. These limitations are consistent with Rule 1 of the Federal Rules of Civil Procedure and the Court's broad authority to manage its docket and control discovery. *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) ("[B]road discretion is vested in the trial court to permit or deny discovery.").

The Court grants a stay of discovery as it pertains to Plaintiff's wage-hour class/collective claims as it is unclear whether these claims will proceed at all. The Court further finds a stay of discovery is proper as applied to Plaintiff's wrongful termination in violation of public policy, negligent hire/training, and infliction of emotional distress claims as these claims are not likely to proceed in any forum.

### III. Order

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion to Stay Discovery Pending Ruling on Defendant's Motions to (1) Compel Arbitration, (2) Dismiss Claims, and (3) Strike Class Allegations (ECF No. 26) is GRANTED in part and DENIED in part consistent with the contents of this Order.

IT IS FURTHER ORDERED that if the Court's Order resolving the Motions to Dismiss and to Compel Arbitration does not result in the cessation of all claims asserted by Plaintiff proceeding in this Court, the parties **must** file a status report no later than 28 days after such Order issues. The status report must state what claims remain to be resolved and propose a discovery plan and scheduling order pertaining to the same.

Dated this 17th day of July, 2025.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE